NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13370

IN THE MATTER OF BENJAMIN BEHNAM TARIRI.


December 28, 2023.


Attorney at Law, Disciplinary proceeding, Suspension, Contempt,
    Disbarment.  Practice, Civil, Appeal, Notice of appeal.
    Notice, Timeliness.


    The respondent attorney, Benjamin Behnam Tariri, appeals
from an order of a single justice of this court dismissing as
untimely two notices of appeal from prior single justice orders.
We affirm.

    In December 2022, the single justice issued an order
temporarily suspending Tariri from the practice of law.  Tariri
appealed from that order, and we affirmed.  See Matter of
Tariri, 492 Mass. 1009 (2023).  While Tariri's appeal was
pending in this court, the single justice found him in contempt
for failing to comply with the requirements of his temporary
suspension and, on April 21, 2023, ordered that he be committed
to the Suffolk County house of correction for ninety days or
until such time as he complied fully with the terms of the
contempt order.  The single justice then issued, on June 5,
2023, an order appointing a commissioner to take possession of
and return client files to Tariri's former clients (June 5
order).

    While Tariri was committed, he consented to disbarment, and
on June 26, 2023, the single justice issued a judgment of
disbarment as well as an order releasing Tariri from commitment
(June 26 order).[1]  On July 26, 2023, Tariri filed two separate

_____

    [1] On June 9, 2023, the respondent filed "Respondent's
unopposed motion to adopt respondent's consent to disbarment and

notices of appeal, one from the June 5 order appointing a commissioner and one from the June 26 order of disbarment (collectively, July 26 notices of appeal).[2]  On August 7, 2023, the single justice issued an order dismissing the July 26 notices of appeal as untimely (August 7 order).  Tariri then timely filed a notice of appeal from that order.[3]

The appeal from the August 7 order is now before us on Tariri's preliminary memorandum, pursuant to S.J.C. Rule 2:23 (b), 471 Mass. 1303 (2015).  That is the only appeal that is before us, and the only issue that is before us, therefore, is whether the single justice erred or abused his discretion in dismissing the July 26 notices of appeal as untimely.  Tariri, however, has failed to address this issue in his memorandum.  Instead, he raises a myriad of arguments related to the June 26 order of disbarment (to which he consented).  That order, again, is not before us.

As to what is before us -- the August 7 order dismissing the July 26 notices of appeal -- there was no error.  Pursuant to rule 2:23, a party seeking to appeal from a final order or judgment of a single justice in a bar discipline case must file a notice of appeal "within ten days of entry of the final order or judgment for which review is sought."  Neither of the July 26 notices of appeal met this requirement, i.e., neither was filed within ten days of the order as to which review was sought; nor did Tariri seek an extension of time for filing the notices of appeal.  See Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019) (upon showing of excusable neglect, lower court may extend time for filing notice of appeal).  Although Tariri stated in his notice of appeal from the August 7 order that he

---

motion to terminate contempt proceedings."  On June 12, 2023, bar counsel filed a motion to continue further contempt proceedings and an affidavit outlining bar counsel's conversations with the respondent regarding the respondent's consent to disbarment.

[2] The notice of appeal from the June 5 order also sought clarification of that order.  The single justice denied the motion for clarification.

[3] The respondent also moved to stay the August 7 order; the single justice denied that motion.

had "good cause" for failing to timely file the earlier notices of appeal, he nowhere addresses this point in his memorandum.

The single justice did not err or abuse his discretion in dismissing the July 26 notices of appeal.

<u>Judgment affirmed</u>.


The case was submitted on the record, accompanied by a memorandum of law.

<u>Benjamin Behnam Tariri</u>, pro se.